IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GOULD, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No. 07-55Erie |
| ) | District Judge McLaughlin |
| JEFFREY BEARD, et al, ) | Magistrate Judge Baxter |
|     Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the partial motion to dismiss or for partial summary judgment filed by Defendants Beard, Wilson, Manchas, Kremposky, Woods and Sobina [Document # 15] be granted in part and dismissed as premature in part; the motion for summary judgment for injunctive relief filed by Plaintiff [Document # 22] be denied; and the motion to dismiss filed by Defendant Klemm [Document # 27] be dismissed as premature. Defendants Manchas, Kremposky and Woods should be dismissed from this action.

Plaintiff will be permitted to file an amended complaint before June 20, 2008 to allege his retaliation and access to courts claims which were raised in the Opposition Briefs.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, who is currently incarcerated within the State Correctional System, brings this civil rights action against Defendants Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; Superintendent Wilson of SCI-Fayette; Captain Manchas of SCI-Fayette; Lt. Kremposky of SCI-Fayette; Correctional Officer Woods of SCI-Fayette; Superintendent Sobina formerly of SCI-Forest; and Ulli Klemm, Chair of the Department of Corrections Chaplaincy

1

Department[1]. Plaintiff alleges that Defendants have violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as well as his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks various compensatory and injunctive[2] relief from Defendants.

Defendants have filed a partial motion to dismiss or for partial summary judgment. Plaintiff has filed a motion for summary judgment for injunctive relief. The issues raised in the pending motions are fully briefed and this motion is ripe for disposition by this Court.

### B. Plaintiff's Allegations

According to Plaintiff's complaint, Plaintiff arrived at SCI Fayette around mid-April of 2004. Upon his arrival, Plaintiff, a member of the Nation of Islam (hereinafter "NOI") learned that the prison did not offer separate NOI services, but instead permitted NOI members to worship with Sunni (or "Orthodox") Muslims. In August and September of 2004, Plaintiff and two other NOI members filed religious accommodation forms that were denied. Religious

---

[1] Ulli Klemm was substituted for original Defendant Father Menei in this action. See Document # 21 and text order dated December 18, 2008.

[2] " [...] that we not be forced to practice others religious customs in place of our own, just as Catholics are not forced to worship with Protestants, we pray this Court order that we for this suite purposes the Plaintiff not be forced to worship as Sunni Muslims, I pray that this Hon court order that Plaintiff be allowed to contact outside NOI staff members to help in this pursuit, just as other religious groups are allowed to contact and have religious coordinators, that this court order that we be allowed to conduct inmate lead religious services until we obtain outside staff to come in as our religious coordinator, As prescribed/allowed by Department of Corrections policy, the same policy and procedure the Department of Corrections allowed to be conducted by the orthodox Muslims here at SCI Forest in early 2005 while their present Imman (minister) was in school. The Plaintiff request that this Hon. court order that we the NOI members be afforded the right to separate religious services from the Sunni Muslims in these newer and smaller institutions, the same separate services given to NOI members in SCI Dallas, Greatford [sic], Albion, etc."

Document # 4, page 10.

accommodation forms are directed to the Bureau of Inmate Services for final decision.

On November 23, 2004, Plaintiff filed a grievance regarding the denial of his right to practice NOI. On January 3, 2005, Correctional Officer Woods and another officer took Plaintiff's religious materials and put him in RHU on a DC-141 "other" report. These confiscated religious materials have never been returned to Plaintiff.

On January 5, 2005, the Program Review Committee told Plaintiff that they did not know why he was in RHU. After the 15 day allowable period for investigation of the DC-141 "other" report was exceeded, Plaintiff was given a second DC-141 "other" report. Plaintiff alleges that according to Department of Corrections policy, the time period allowable to complete the investigation of the first DC-141 report should have been extended, rather than a new DC-141 "other" report being issued. Defendant Kremposky violated Department of Corrections policy by placing Plaintiff under investigation in this manner.

Plaintiff alleges that on March 16, 2005, he was placed in disciplinary custody and remained in RHU until his April 23, 2005 transfer to SCI-Forest (his current place of incarceration). Defendant Krysevig informed Plaintiff that he was being held in RHU due to his attempts to start NOI services. Following his transfer to SCI-Forest, Plaintiff filed a religious accommodation form on September 31, 2006 [sic]. See Document # 4.

### B. Standards of Review
#### 1) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

3

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set

4

forth as factual allegations.  Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at ___, 1974.

### 3. Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574

5

(1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Statute of limitations

Defendants move to dismiss portions of the complaint due to the expiration of the applicable statute of limitations.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 74, 78 (1985). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996). Plaintiff relates events which allegedly violated his rights beginning on April 18, 2004 (upon Plaintiff's arrival at SCI Fayette). Therefore, for all of the alleged actions to be within the statute of limitations, the complaint should have been filed before April 19, 2006. Later claims include Plaintiff's initial placement in RHU, as well

6

as the contemporaneous confiscation of his religious materials, which he alleged occurred on January 3, 2005, and the issuance of the second DC-141 "other" report (in violation of policy) in mid-January of 2005. For these claims to be actionable, the complaint should have been filed around the middle of January 2007.

Here, the original complaint was mailed[3] on March 12, 2007, many months after the statute of limitations had run on all of the claims. Therefore, every § 1983 allegation before March 11, 2005, or two years before Plaintiff turned his complaint over to prison officials to be mailed, should be dismissed. Plaintiff's § 1983 claims are limited to the time period which falls within the two-year statute of limitations period.

In his Opposition brief, Plaintiff argues that his statute of limitations did not begin to run until after he had exhausted his administrative remedies. Plaintiff misunderstands the law in this regard; the date upon which an inmate's exhaustion of administrative remedies is complete is irrelevant for purposes of calculating the statute of limitations. Instead, the statute of limitations is calculated two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

The motion to dismiss should be granted in this regard.[4] As Defendants Manchas,

---

[3] The complaint indicates on its face that it was signed and dated on March 12, 2007, but it was not received by the Clerk of Courts and filed until March 27, 2007. As a *pro se* prisoner, Plaintiff will be given the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be mailed). See also Nichols v. Bowersox, 172 F.3d 1068, 1074 (8th Cir. 1999) (explaining "the 'prison mailbox rule' which, as the name suggests, would establish the date of filing as the date on which the prisoner puts the proverbial 'letter' in the proverbial 'mailbox'--in other words, the date on which he or she deposits the petition in the prison mail system."); Satterfield v. Johnson, 434 F.3d 185, 189 fn.3 (3d Cir. 2006); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (prison mailbox rule provides that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."); Garrick v. Vaughn, 2003 WL 22331774, *3 (E.D. Pa. 2003) ("Delivery for mailing is what counts for purposes of the prison mailbox rule.").

[4] To the extent that Plaintiff raises a claim under RLUIPA, a four-year statute of
(continued...)

Kremposky, and Woods are only allegedly involved in the § 1983 claims occurring outside the statute of limitations period, they should be dismissed from this action.

### D. Due Process Claim

Plaintiff claims that Defendants have violated his due process rights by confining him to RHU. Plaintiff was allegedly confined in RHU between January 3, 2005 until the time of his transfer on April 23, 2005. This claim is partially barred by the statute of limitations as discussed above. The only portion of the claim not barred by the statute of limitations is between March 12, 2005 and April 23, 2005, a period of forty days.

In analyzing a due process claim in this context, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty language of the Fourteenth Amendment. See Fuentes v. Shevin, 407 U.S. 67 (1972). A protected liberty interest may arise from the Constitution itself or from state-created statutory entitlement. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Board of Regents v. Roth, 408 U.S. 564 (1972).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court announced a new rule for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by the due process guarantees. The Court concluded that such a liberty interest arises whenever the deprivation suffered by the prisoner imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (italics added). Applying this test, the Supreme Court concluded that the prisoner at issue in Sandin did not have

---

[4](...continued)
limitations period applies. See McCollum v. California, 2007 WL 4390616 (N.D.Cal.,2007); Ghashiyah v. Wisconsin Dept. of Corrections, 2007 WL 2822005 (E.D.Wis.,2007); Couch v. Jabe, 479 F.Supp.2d 569, 577 (W.D.Va.,2006) (" [...] I can find no court that has addressed this statute of limitations issue in the context of a claim brought under RLUIPA [...] There is no doubt that RLUIPA created a new right of action which [Plaintiff] seeks to invoke [...]. Thus, I find that the four-year statute of limitations under § 1658 applies to [the] claims brought under RLUIPA.").

a protected liberty interest in remaining free of disciplinary detention or segregation "because his thirty-day detention, although punitive, 'did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.'" Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) quoting Sandin, 515 U.S. at 486.

Because segregation does not present "atypical and significant hardship" on Plaintiff in relation to the ordinary incidents of prison life, Plaintiff has no protected liberty interest in remaining free from segregation. Sandin; see also Burkholder v. Newton, 2004 WL 2677161 (3d Cir. 2004). Plaintiff has failed to state a due process claim upon which relief can be granted and accordingly, Defendants' motion to dismiss should be granted in this regard.

In his opposition brief, Plaintiff argues that he does have a liberty interest in that he was denied adequate law library time and subsequently lost an appeal that was pending in the Pennsylvania Supreme Court. Additionally, Plaintiff argues that he has a liberty interest in not being punished for exercising his constitutional rights. Plaintiff misunderstands the law in both these regards. His argument regarding the limitation of his library time resulting in the loss of appellate rights is more properly raised as an access to courts claim and his argument regarding the punishment for the exercising of his constitutional rights is more properly raised as a retaliation claim. Neither of these were specifically raised in the complaint. Due to his status as a *pro se* litigant, Plaintiff will be permitted to file an amended complaint alleging these claims.

### E. Loss of Personal Property

Plaintiff claims that Defendants have violated his constitutional rights through the confiscation of his personal property. Because this allegedly occurred on January 3, 2005, this claim is barred by the statute of limitations.

### F. Eighth Amendment

Plaintiff generally avers that Defendants have violated his rights under the Eighth

9

Amendment.

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates," Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table)(10th Cir.1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations are not sufficient to state an Eighth Amendment violation. The Eighth Amendment conditions alleged fall short of demonstrating cruel and unusual punishment because there is no evidence that they "inflict unnecessary or wanton pain" or are "grossly disproportionate to the severity of crimes warranting imprisonment," under the objective standard. Rhodes, 452 U.S. at 348-50. In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and

sanitation may meet the standard despite a shorter duration. Bainum v. Sedgwick County Commissioners, 27 Fed.Appx. 965, 2001 WL 1637732, *3 (10th Cir. 2001). Thus, the facts alleged here do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied. Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities).

Accordingly, the motion to dismiss should be granted in this regard.

### G. **Respondeat Superior**

Several Defendants move to dismiss based on their lack of personal involvement as alleged by Plaintiff in the complaint.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976).

Because Plaintiff will be permitted to file an amended complaint, a motion to dismiss based upon lack of personal involvement as alleged in the original complaint is premature at this time.

### G. **Plaintiff's motion for summary judgment for injunctive relief**

Plaintiff moves for summary judgment on his RLUIPA claim based upon Defendants' filing of an answer (rather than a dispositive motion). Document # 22. Plaintiff claims that he should be granted injunctive relief because the filing of an answer is an acknowledgment by

11

Defendants that his claim is valid. However, under the law Defendants' answer is not an acknowledgment that Plaintiff's rights have been violated and accordingly, the motion for summary judgment should be denied. See Federal Rules of Civil Procedure; Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the partial motion to dismiss or for partial summary judgment filed by Defendants Beard, Wilson, Manchas, Kremposky, Woods and Sobina [Document # 15] be granted in part and dismissed as premature in part; the motion for summary judgment for injunctive relief filed by Plaintiff [Document # 22] be denied; and the motion to dismiss filed by Defendant Klemm [Document # 27] be dismissed as premature. Defendants Manchas, Kremposky and Woods should be dismissed from this action.

Plaintiff will be permitted to file an amended complaint before June 20, 2008 to allege his retaliation and access to courts claims which were raised in the Opposition Briefs.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 23, 2008