IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY GOULD,   )
    Plaintiff,   )
                 )
vs.              )   C.A. No. 07-55Erie
                 )   District Judge McLaughlin
JEFFREY BEARD, et al,   )   Magistrate Judge Baxter
    Defendants.   )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the **partial** motion to dismiss filed by Defendants [Document # 47] be granted.

## II.    REPORT

### A.    Relevant Procedural History

On March 27, 2007, Plaintiff, who is currently incarcerated within the State Correctional System, originally filed this civil rights action against Defendants Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; Superintendent Wilson of SCI-Fayette; Captain Manchas of SCI-Fayette; Lt. Kremposky of SCI-Fayette; Correctional Officer Woods of SCI-Fayette; Superintendent Sobina formerly of SCI-Forest; and Ulli Klemm, Chair of the Department of Corrections Chaplaincy Department[1]. Plaintiff alleged that these Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as well as his constitutional rights under the First, Eighth, and Fourteenth Amendments.

---

[1] Ulli Klemm was substituted for original Defendant Father Menei in this action. See Document # 21 and text order dated December 18, 2008.

1

Plaintiff sought various compensatory and injunctive relief.

A partial answer, as well as several partial dispositive motions followed. In an Report and Recommendation filed May 27, 2008, this Magistrate Judge recommended that:

> the partial motion to dismiss filed by Defendants Beard, Wilson, Manchas, Kremposky, Woods and Sobina be granted in part and dismissed as premature in part; and the motion to dismiss filed by Defendant Klemm be dismissed as premature. Defendants Manchas, Kremposky and Woods be dismissed from this action.

Document # 42. This Magistrate Judge also noted that in his opposition brief, Plaintiff made claims that he was denied adequate law library time and subsequently lost an appeal in the Pennsylvania Supreme Court and that he was punished for exercising his First Amendment rights. Plaintiff was granted the opportunity to file an Amended Complaint to raise issues of access to courts and retaliation.

District Judge Sean McLaughlin adopted the Report and Recommendation as the opinion of the Court. Documents # 43, 46.[2]

Plaintiff filed an Amended Complaint. Document # 45. Defendants have filed a partial motion to dismiss (document # 47) and Plaintiff has filed a brief in opposition (document # 51). The issues raised in the pending motions are fully briefed and this motion is ripe for disposition by this Court.

### B.  The Allegations of the Original Complaint

According to Plaintiff's complaint, Plaintiff arrived at SCI Fayette around mid-April of 2004. Upon his arrival, Plaintiff, a member of the Nation of Islam (hereinafter "NOI") learned that the prison did not offer separate NOI services, but instead permitted NOI members to worship with Sunni (or "Orthodox") Muslims. In August and September of 2004, Plaintiff and

---

[2]  Shortly thereafter, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. By Order dated January 16, 2009, the Third Circuit dismissed Plaintiff's appeal due to his failure to prosecute the case. See Document # 57.

two other NOI members filed religious accommodation forms that were denied. Religious accommodation forms are directed to the Bureau of Inmate Services for final decision.

On November 23, 2004, Plaintiff filed a grievance regarding the denial of his right to practice NOI. On January 3, 2005, Correctional Officer Woods and another officer took Plaintiff's religious materials and put him in RHU on a DC-141 "other" report. These confiscated religious materials have never been returned to Plaintiff.

On January 5, 2005, the Program Review Committee told Plaintiff that they did not know why he was in RHU. After the 15 day allowable period for investigation of the DC-141 other report was exceeded, Plaintiff was given a second DC-141 "other" report. Plaintiff alleges that according to Department of Corrections policy, the time period allowable to complete the investigation of the first DC-141 report should have been extended, rather than a new DC-141 "other" report being issued. Defendant Kremposky violated Department of Corrections policy by placing Plaintiff under investigation in this manner.

Plaintiff alleges that on March 16, 2005, he was placed in disciplinary custody and remained in RHU until his April 23, 2005, transfer to SCI-Forest (his current place of incarceration). Defendant Krysevig informed Plaintiff that he was being held in RHU due to his attempts to start NOI services. Following his transfer to SCI-Forest, Plaintiff filed a religious accommodation form on September 31, 2006 [sic]. Document # 4.

### C. The Allegations of the Amended Complaint

In the Amended Complaint, Plaintiff generally alleges that all the acts alleged in the original complaint were done in retaliation against him after he exercised his First Amendment rights. Document # 45. Further, Plaintiff alleges that while he has been able to petition the courts for redress, his petitions have been less effective due to the confiscation of his legal materials.

The remaining Defendants are: Department of Corrections Secretary of Jeffrey Beard; Superintendent Wilson; Superintendent Sobina; and Ulli Klemm. Despite their previous

dismissal from this case, Plaintiff attempts to revive his claims against Manchas, Kremposky and Woods.

In response to the Amended Complaint, Defendants have filed a partial motion to dismiss and a partial answer. In the partial motion to dismiss, Defendants argue that: 1) Plaintiff should not be permitted to resurrect claims against Defendants who were previously dismissed based upon the time bar of the statute of limitations; 2) the access to courts claim should be dismissed for failure to state a claim; and 3) that the § 1983 claims against Defendants Beard, Wilson, Sobina and Klemm should be dismissed because Plaintiff has failed to allege their personal involvement. Document # 47.

### D.     Standards of Review
#### 1)     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

4

## 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008

WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232 quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### E. Statute of Limitations and Resurrected Claims

In his Amended Complaint, Plaintiff attempts to resurrect his claims against previously dismissed Defendants Manchas, Kremposky and Woods by recharacterizing the actions of these prison staff as retaliation claims.

As explained in the first Report and Recommendation, these claims are barred by the statute of limitations. The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions, yet it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 74, 78 (1985). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

In his original complaint, Plaintiff relates events which allegedly violated his constitutional rights beginning on April 18, 2004. Here, the original complaint was mailed[3] on March 12, 2007, after the two-year statute of limitations had run. Therefore, Plaintiff's §1983 claims are limited to the time period which falls within the two-year statute of limitations period, or two years from the filing of the complaint (in other words, from March 12, 2005).

Plaintiff's initial placement in RHU, as well as the contemporaneous confiscation of his

---

[3] While the complaint indicates on its face that it was signed and dated on March 12, 2007, it was not received by the Clerk of Courts and filed until March 27, 2007. As a *pro se* prisoner, Plaintiff receives the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be mailed).

6

religious materials, occurred on January 3, 2005, and the issuance of the second DC-141 "other" report in mid-January of 2005, beyond the statute of limitations.[4] Because Defendants Manchas, Kremposky, and Woods were only alleged to have been involved in the § 1983 claims occurring outside the statute of limitations period, they were previously dismissed from this action. By recharacterizing the same factual scenario as retaliation, Plaintiff still cannot overcome the statute of limitations time bar. Plaintiff has made no allegations against these Defendants within the non-barred time frame. Plaintiff may not revive the previously dismissed claims or the previously dismissed Defendants.

The motion to dismiss should be granted in this regard.

### F.     The Access to Courts Claims

In Plaintiff's opposition to the initial motion to dismiss, he argued that he was denied adequate law library time and subsequently lost an appeal in the Pennsylvania Supreme Court. Plaintiff was given allowance to file an amended Complaint to more properly raise this issue. Document # 42, page 9.

In his Amended Complaint, Plaintiff alleges:

> The plaintiff does not know if he can realistically assert that he was denied access to the court, because he was allowed to file his petitions to the courts, but plaintiffs [sic] access to the court complaint comes in that, [sic] the plaintiff does assert that he was denied his right to file an effective petition to the courts and is still being denied his right to file effective petitions to the courts, in that because of these false reports the plaintiffs [sic] property was taken and never returned, in which important transcripts where [sic] taken, and affidavits were taken, [sic] the plaintiff at this moment is preparing his Federal 2254 petition, to which he will not have all his records and or evidence because the property was taken by the Defendants and not returned, [sic] to this day this plaintiff is being denied, not his right to file his petition to the court, but he is being denied his right to file effective petition to the court. [ . . . ] The plaintiff is asserting that he is being denied access to the courts due to the fact he is being denied his right to properly file effective petitions in the courts due to the fact that the Defendants have taken his inmate property without any course of redress.

Document # 45, pages 2-3. Plaintiff asserts this claim against Defendant Wilson and against

---

[4] To the extent that Plaintiff raises a claim under RLUIPA, a four-year statute of limitations period applies.

7

previously dismissed Defendants Manchas, Kremposky and Woods.[5]

In his Opposition Brief to the currently pending motion to dismiss, Plaintiff further explains "Defendants confiscated the plaintiffs [sic] legal material, which has denied him his right to effectively assert his legal criminal appeal claims in the state and now federal courts. The Defendants took from the Plaintiff trial transcript and legal affidavit which were needed for the appellant to effectively assert his appealable issues, [sic] the above action did not stop the Plaintiff from filing his appeal to the court, but the acts made the Plaintiff's appeal ineffective, thereby denying the Plaintiff meaningful access to the courts." Document # 51, page 2.

Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).[6] It is a well settled principle of law that in order to state a claim for a denial of the right of access to the courts, a plaintiff must also show actual injury. Lewis v. Casey, 518 U.S. 343 (1996). Prisoners are limited to proceeding on access to courts claims challenging either their sentence (by direct or collateral attack) and their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

As the Third Circuit has recently explained:

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: **The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'**

---

[5] Importantly, Plaintiff does not allege when these Defendants confiscated his legal materials and this claim may very well be barred by the statute of limitations if it occurred at the same time as the confiscation of Plaintiff's other personal property.

[6] The right of access to courts may arise in the context of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002) (emphasis added).

In other words, Plaintiff is required to allege that he has lost the opportunity to pursue a nonfrivolous or arguable underlying claim and that there is no other remedy available to him. In this case, Plaintiff has not alleged such. Indeed, by his own admission, Plaintiff avers that his filings could have been prepared better if he had had in his possession the missing materials. This allegation does not rise to the level of a constitutional violation and therefore, should be dismissed for failure to state a claim.

Accordingly, the motion to dismiss should be granted as to the access to courts claim.

### G. *Respondeat Superior*

Next, Defendants argue that the § 1983 claims against Defendants Beard, Wilson, Sobina and Klemm should be dismissed because Plaintiff only alleges their liability based upon *respondeat superior*.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed

9

others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff's § 1983 allegations are based only upon the supervisory liability of these four Defendants. Accordingly, the § 1983 claims against them should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the **partial** motion to dismiss filed by Defendants [Document # 47] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: February 18, 2009