**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GREGORY GOULD,            )
      Plaintiff,          )
                       )
vs.                      )       **C.A. No. 07-55Erie**
                       )       **District Judge McLaughlin**
JEFFREY BEARD, et al,      )       **Magistrate Judge Baxter**
      Defendants.      )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

      It is respectfully recommended that the **partial** motion to dismiss filed by Defendants [Document # 67] be granted.

      By separate Order filed this day, this Court will issue case management deadlines.

**II.    REPORT**

     **A.    Relevant Procedural History**

      On March 27, 2007, Plaintiff, who is currently incarcerated within the State Correctional System, originally filed this civil rights action against Defendants Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; Superintendent Wilson of SCI-Fayette; Captain Manchas of SCI-Fayette; Lt. Kremposky of SCI-Fayette; Correctional Officer Woods of SCI-Fayette; Superintendent Sobina formerly of SCI-Forest; and Ulli Klemm, Chair of the Department of Corrections Chaplaincy Department[1].  Plaintiff alleged that these Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

---

     [1] Ulli Klemm was substituted for original Defendant Father Menei in this action.  See Document # 21 and text order dated December 18, 2008.

1

as well as his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff sought various compensatory and injunctive relief.

A partial answer, as well as several partial dispositive motions, followed.  In a Report and Recommendation filed May 27, 2008, this Magistrate Judge recommended that the partial motion to dismiss filed by Defendants Beard, Wilson, Manchas, Kremposky, Woods and Sobina be granted in part and dismissed as premature in part; the motion to dismiss filed by Defendant Klemm be dismissed as premature; and that Defendants Manchas, Kremposky and Woods be dismissed from this action.  Document # 42.  This Magistrate Judge also noted that in his opposition brief Plaintiff made claims that he was denied adequate law library time, subsequently losing an appeal in the Pennsylvania Supreme Court, and that he was punished for exercising his First Amendment rights.  Plaintiff was granted the opportunity to file an Amended Complaint to raise issues of access to courts and retaliation.  District Judge Sean McLaughlin adopted the Report and Recommendation as the opinion of the Court.  Documents # 43, 46.[2]

Plaintiff filed a First Amended Complaint.  Document # 45.  In response to the First Amended Complaint, Defendants filed a partial motion to dismiss and a partial answer.  In the partial motion to dismiss, Defendants argued that: 1) Plaintiff should not be permitted to resurrect claims against Defendants who were previously dismissed based upon the time bar of the  statute of limitations; 2) the access to courts claim should be dismissed for failure to state a claim; and 3) that the § 1983 claims against Defendants Beard, Wilson, Sobina and Klemm should be dismissed because Plaintiff failed to allege their personal involvement.  Document # 47.

In analyzing that motion to dismiss, this Magistrate Judge's Report and Recommendation, filed on February 18, 2009, recommended that the partial motion to dismiss filed by Defendants be granted, in that the retaliation and access to courts claims be dismissed. More specifically, it was recommended that the retaliation claim be dismissed as it was barred

---

[2]  Shortly thereafter, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.  By Order dated January 16, 2009, the Third Circuit dismissed Plaintiff's appeal due to his failure to prosecute the case.  See Document # 57.

by the statute of limitations and the access to courts claim be dismissed for failure to state a claim.  Document # 60.

On March 9, 2009, Plaintiff filed Objections to the Report and Recommendation contending that he did not discover the source of his retaliation claim until March of 2005 and that he continues to suffer the effects of the retaliation in that his security classification cannot be lowered and he cannot be incarcerated closer to his family.  Document # 62.  Following a de novo review of the case, Judge McLaughlin adopted the Report and Recommendation as the Opinion of the Court, but indicated that:

> "in consideration of [the Federal Rule's] liberal approach to amending pleadings, we shall dismiss without prejudice the retaliation claim.  Plaintiff will be allowed to replead that claim only. [...] The amended complaint must set forth a claim for relief which contains a short and plain statement of the claim.  Further, the amended complaint must identify who retaliated against Plaintiff and when the retaliatory action occurred. [...] Further, the Clerk of Courts should not dismiss Defendants Beard, Wilson, Sobina and Klemm in light of the fact that Plaintiff will be allowed to file an amended complaint."

Document # 63.

Thereafter, Plaintiff filed the second amended complaint, titled as "Retaliation Amended Complaint." Document # 66. Again, Defendants have filed a partial motion to dismiss. Document # 67.  Plaintiff has not filed a brief in opposition to the pending motion. The issues raised in the pending motion are fully briefed and this motion is ripe for disposition by this Court.

### B.      Plaintiff's Allegations

According to Plaintiff's original  complaint, Plaintiff arrived at SCI Fayette around mid-April of 2004.  Upon his arrival, Plaintiff, a member of the Nation of Islam (hereinafter "NOI") learned that the prison did not offer separate NOI services, but instead permitted NOI members to worship with Sunni (or "Orthodox") Muslims.  In August and September of 2004, Plaintiff and two other NOI members filed religious accommodation forms that were denied. Religious accommodation forms are directed to the Bureau of Inmate Services for final decision.

Document # 4.

On November 23, 2004, Plaintiff filed a grievance regarding the denial of his right to practice NOI.  On January 3, 2005, Correctional Officer Woods and another officer took Plaintiff's religious materials and put him in RHU on a DC-141 "other" report.   These confiscated religious materials have never been returned to Plaintiff.  Id.

On January 5, 2005, the Program Review Committee told Plaintiff that they did not know why he was in RHU.  After the 15 day allowable period for investigation of the DC-141 other report was exceeded, Plaintiff was given a second DC-141 "other" report.  Plaintiff alleges that according to Department of Corrections policy, the time period allowable to complete the investigation of the first DC-141 report should have been extended, rather than a new DC-141 "other" report being issued.  Plaintiff alleges that Defendant Kremposky violated Department of Corrections policy by placing Plaintiff under investigation in this manner.  Id.

Plaintiff alleges that on March 16, 2005, he was placed in disciplinary custody and remained in RHU until his April 23, 2005, transfer to SCI-Forest (his current place of incarceration).  Defendant Krysevig informed Plaintiff that he was being held in RHU due to his attempts to start NOI services.  Following his transfer to SCI-Forest, Plaintiff filed a religious accommodation form on September 31, 2006 [sic]. Id.

In the First Amended Complaint, Plaintiff generally alleges that all the acts alleged in the original complaint were done in retaliation against him after he exercised his First Amendment rights. Document # 45.  Further, Plaintiff alleged that while he has been able to petition the courts for redress, his petitions were less effective due to the confiscation of his legal materials. Id.  The Defendants remaining after the first round of dispositive motions were: Department of Corrections Secretary of Jeffrey Beard; Superintendent Wilson; Superintendent Sobina; and Ulli Klemm.  Despite their previous dismissal from this case, Plaintiff attempted to revive his claims against Manchas, Kremposky and Woods in the Amended Complaint.

In the Second Amended Complaint ("Retaliation Amended Complaint"), Plaintiff once

again presents allegations against the Defendants previously dismissed as time-barred.[3]  Plaintiff

makes no mention of Defendant Beard, Sobina, or Klemm and only cursorily mentions

Defendant Wilson.  Document # 66.


### C.     Standards of Review

#### 1.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal

pleading rules, during the initial stages of litigation, a district court should construe all

allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.

1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.


#### 2.     Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

---

[3]  This Court will not address Plaintiff's second attempt to revive these previously
dismissed Defendants. This issue was addressed in the last Report and Recommendation and
remains the law of this case.  See Document # 60.

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

* * *

6

> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### D.    The Claims against Defendants Beard, Wilson, Sobina and Klemm

Defendants argue that the retaliation claims against Defendants Beard, Wilson, Sobina and Klemm should be dismissed because Plaintiff has failed to state a claim against them.

The retaliation amended complaint does not mention any acts by Defendants Beard, Sobina, or Klemm and so the § 1983 claims against them should be dismissed. As to Defendant Wilson, Plaintiff only alleges "the Plaintiff made Defendant 3 Wilson aware of the whole situation and requested his help in resolving the matter, and he backed the decisions of the security staff." Document # 66, page 3, ¶ 10.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on respondeat superior. Rizzo v.

Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff's allegations of retaliation against Defendant Wilson are based only upon his role as a supervisor.  Accordingly, this claim should be dismissed.

The motion to dismiss should be granted and the §1983 claims against Defendants Beard, Wilson, Sobina and Klemm should be dismissed.

### III.    CONCLUSION_____

For the foregoing reasons, it is respectfully recommended that the **partial** motion to dismiss filed by Defendants [Document # 67] be granted.

By separate Order filed this day, this Court will issue case management deadlines.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2009